MATTER OF DI FILIPPO

In DEPORTATION Proceedings

A-12008546

*Decided by Board September 7, 1962*

Respondent's conviction for making false statements in violation of section 106 A(a) of the Unemployment Insurance Act of Canada, as amended, is not a conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—crime prior, to wit: making false statement in violation of section 106A of the Canadian Unemployment Insurance Act, and theft.

The examining officer has appealed from the order of the special inquiry officer terminating proceedings. The issue is whether respondent's conviction for violation of section 106A(a) of the Unemployment Insurance Act of Canada involves moral turpitude.

The case was before the Board on a previous occasion. On March 19, 1962, the Board ordered proceedings reopened in connection with the deportation charge for the purpose of obtaining additional information concerning the convictions, and, in connection with the application for relief, to enable respondent to refute derogatory information in the record concerning his character.

Respondent is a 30-year-old married male, a native and citizen of Italy who was admitted to the United States for permanent residence on January 31, 1961, to join his wife, a citizen of the United States. Respondent has been convicted of crime in Canada on two occasions. On October 22, 1959, he was convicted for theft under section 280(a) of the Criminal Code of Canada for stealing $60 on October 20, 1959. He was fined $100 and costs, and a jail sentence to a month was suspended. The American Consul has found that this crime was a petty offense and consequently its existence did not make respondent ineligible for the issuance of the visa.

After respondent's admission to the United States, an information in four counts was filed against him in Canada on February 8, 1961,

charging him under section 106A (a) of the Unemployment Insurance Act of Canada with having made false statements on April 26, 1960, and on May 10, 1960. He was convicted in a magistrates court in Ontario Province on a plea of guilty to all counts; on March 13, 1961, he was fined $55 and costs of each count. He last returned to the United States on April 25, 1961.

The record reveals that section 106A of the Unemployment Insurance Act of Canada, as amended, reads as follows:

Every person is guilty of an offense who
(a) in relation to any claim for benefit makes a statement or representation that he knows to be false or misleading or
(b) being required under this Act or the regulations to furnish information, furnishes any information or makes any representation that he knows to be false or misleading. (p. R-7.)

The special inquiry officer decided, both on the basis of the testimony of an expert witness and his own research, that moral turpitude was not involved because the section does not require a false statement to be material, and because a false statement is sufficient for a conviction although it may have only a remote relationship to the obtaining of insurance benefits. The special inquiry officer expressed the belief that the statute does not require a criminal intent. He found this fact especially significant because a prior law called for a criminal intent. The prior law, section 67 of the Canadian Unemployment Insurance Act of 1945, stated that the making of the false statement must be "for the purpose of obtaining any benefit or payment"; section 106A eliminates the language concerning the purpose for which the false statement is made. The special inquiry officer was also influenced by the fact that a person who had made false statements for the purpose of defrauding the government could apparently be prosecuted for false pretenses under sections 303 and 304 of the Criminal Code of Canada which do require criminal intent.

The examining officer contends that the difference in section 106A and its predecessor is not significant for both laws concern an attempt to gain a benefit by false or misleading statements. The examining officer reasons that since another provision of the insurance law provides for the imposition of an administrative penalty where a person has committed an offense described by section 106A, the institution of criminal action implies that the actionable statements were material to the claim for benefits. Reliance is also had upon legislative debate. At oral argument, the Service representative pointed out that in two cases involving false claims for unemployment insurance the Board found moral turpitude has been involved. *Matter of L—*, 5 I. & N. Dec. 705 and *Matter of D—G—*, 6 I. & N. Dec. 488 are cited. Counsel at oral argument requested that no change be made in the opinion of

the special inquiry officer but did ask that if the Board found moral turpitude existed, the case be returned to the special inquiry officer for ruling upon the respondent's request for a waiver under section 212(g) of the Act.

Comparison between the present law and its predecessor, indicates that a conviction under the present law may be obtained without proof that the false statement was made for the purpose of obtaining benefits. In other words, a conviction can be obtained merely upon proof that a false statement had been made in connection with a matter relating to unemployment insurance benefits. An intent to mislead is not required; the only criminal intent required appears to be that there be knowledge of the falsity of the statement. Since the intent with which the false statement was made is no longer material, we cannot hold that moral turpitude is involved in the commission of the offense.

Legislative debate relied upon by the examining officer is general and inconclusive. *Matter of D—G—, supra,* concerned a law which made an intent to defraud "an essential element of the offense". This element is lacking in the Canadian law in question. *Matter of L—, supra,* concerned violation of a California law which made it a crime to wilfully make a false statement or knowingly fail to disclose a material fact for the purpose of obtaining benefits. The conviction was under a law which the court of the state had construed required an intent to defraud.

ORDER: It is ordered that the appeal of the examining officer be and the same is hereby dismissed.